Case No. 18-56360

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

_____

ART TOBIAS,

    *Plaintiff and Appellee*,

  vs.

MICHAEL ARTEAGA, Detective No. 32722, et al.,

    *Defendants and Appellants*,

CITY OF LOS ANGELES, et al.,

    *Defendants*.

_____

On Appeal From The United States District Court
For The Central District of California
The Honorable Dale S. Fischer, Presiding Judge
Case No. 17-cv-01076-DSF-AS

_____

**APPELLANTS DETECTIVES MICHAEL ARTEAGA, JEFF CORTINA, AND JULIAN PERE'S RESPONSE TO APPELLEE'S PETITION FOR REHEARING EN BANC**

_____

**GREINES, MARTIN, STEIN & RICHLAND LLP**
Timothy T. Coates, State Bar No. 110364
tcoates@gmsr.com
5900 Wilshire Boulevard, 12th Floor
Los Angeles, California 90036-3626
Telephone: (310) 859-7811 | Facsimile (310) 276-5261

**ORBACH HUFF SUAREZ & HENDERSON**
Kevin E. Gilbert, State Bar No. 209236
kgilbert@ohshlaw.com
6210 Stoneridge Mall Road, Suite 210
Pleasanton, California 94588
Telephone: (510) 999-7908 | Facsimile: (510) 999-7918
Attorneys for Defendants and Appellants
*DETECTIVES MICHAEL ARTEAGA, JEFF CORTINA, and JULIAN PERE*

# TABLE OF CONTENTS

|  | Page |
|---|---:|
| TABLE OF AUTHORITIES | iii |
| INTRODUCTION | 1 |
| ARGUMENT | 1 |
| THE PETITION PRESENTS NO VALID GROUNDS FOR EITHER PANEL OR EN BANC REHEARING. | 1 |
| A. The Petition Ignores The Governing Supreme Court Standard For Qualified Immunity. | 1 |
| B. The Panel Majority Correctly Found That No Existing Case Law Clearly Established That Defendants' Interrogation Of Plaintiff Was Improperly Coercive. | 3 |
| C. The Panel Majority Correctly Held That Plaintiff's Fabrication Of Evidence Claim Was Premised On His Coerced Interrogation, And Hence Barred By Qualified Immunity. | 7 |
| D. The Panel Majority Correctly Held That Denial Of Qualified Immunity On The Invocation Of Counsel Claim Did Not Require Denial Of Qualified Immunity On Plaintiff's Coercive Interrogation Claim. | 8 |
| CONCLUSION | 10 |
| CERTIFICATE OF COMPLIANCE | 11 |
| CERTIFICATE OF SERVICE | 12 |

# TABLE OF AUTHORITIES

    **Page(s)**

### Cases

*Ashcroft v. al-Kidd*,
   563 U.S. 731 (2011) ... 2

*Bradford v. Davis*,
   923 F.3d 599 (9th Cir. 2019) ... 9

*California Attorneys for Criminal Justice v. Butts*,
   195 F.3d 1039 (9th Cir. 1999) ... 9

*Castellano v. Fragozo*,
   352 F.3d 939 (5th Cir. 2003) ... 8

*Chavez v. Martinez*,
   538 U.S. 760 (2003) ... 9

*City of Escondido v. Emmons*,
   __ U.S. __, 139 S. Ct. 500 (2019) ... 2-3

*Collazo v. Estelle*,
   940 F.2d 411 (9th Cir. 1991) ... 5, 8-9

*Cooper v. Dupnik*,
   963 F.2d 1220 (9th Cir. 1992) ... 4

*Crowe v. County of San Diego*,
   608 F.3d 406 (9th Cir. 2010) ... 4

*Cunningham v. City of Wenatchee,*
   345 F.3d 802 (9th Cir. 2003) ... 5

*District of Columbia v. Wesby*,
   583 U.S. __, 138 S. Ct. 577 (2018) ... 2

*Fields v. Wharrie*,
   740 F.3d 1107 (7th Cir. 2014) ... 8

# TABLE OF AUTHORITIES

Page(s)

*Hall v. City of Los Angeles*,
 697 F.3d 1059 (9th Cir. 2012) ... 7

*Halsey v. Pfeiffer*,
 750 F.3d 273 (3d Cir. 2014) ... 8

*Henry v. Kernan*,
 197 F.3d 1021 (9th Cir. 1999) ... 8-9

*Hope v. Pelzer*,
 536 U.S. 730 (2002) ... 2

*Juan H. v. Allen*,
 408 F.3d 1262 (9th Cir. 2005) ... 5

*Kisela v. Hughes*,
 __U.S.__, 138 S. Ct. 1148 (2018) ... 1-2

*Ricciuti v. NYC Transit Auth.*,
 124 F.3d 123 (2d Cir. 1997) ... 7-8

*Rodriguez v. McDonald*,
 872 F.3d 908, 926 (9th Cir. 2017) ... 9

*Stoot v. City of Everett*,
 582 F.3d 910 (9th Cir. 2009) ... 4

*Tolan v. Cotton*,
 572 U.S. 650 (2014) ... 2

*United States v. Harrison*,
 34 F.3d 886 (9th Cir. 1994) ... 5

*United States v. Tingle*,
 658 F.2d 1332 (9th Cir. 1981) ... 6

*Ziglar v. Abbasi*,
 137 S. Ct. 1843 (2017) ... 2

# INTRODUCTION

Appellee's petition for rehearing presents no valid issue for either panel or en banc rehearing. As a threshold matter, it rests on a standard for qualified immunity that is unsupported, indeed outright rejected by controlling Supreme Court authority. The Supreme Court has made it clear that officers "are entitled to qualified immunity unless existing precedent 'squarely governs' the specific facts at issue." *Kisela v. Hughes*, __U.S.__, 138 S. Ct. 1148, 1153 (2018). The sort of generalized, conclusory constitutional standards for assessing defendants' conduct that plaintiff urges for purposes of the "coercive" interrogation claims have been expressly rejected by the court.

The petition for rehearing simply repeats citation of the same cases presented in briefing, without analyzing the particular facts of any case, nor, more critically, specifically discussing the facts of this case in a manner that would show that the cited cases somehow "squarely govern the specific facts at issue" here. The panel majority properly held, based on governing Supreme Court authority, that defendants were entitled to qualified immunity, and the petition presents no basis for reversing that decision, let alone for invoking the time and resources of the Court sitting en banc. The petition should be denied.

# ARGUMENT

**THE PETITION PRESENTS NO VALID GROUNDS FOR EITHER PANEL OR EN BANC REHEARING.**

**A. The Petition Ignores The Governing Supreme Court Standard For Qualified Immunity.**

In the memorandum opinion, the court reversed the district court's denial of qualified immunity to the defendant officers on the coercive interrogation claim,

concluding that under governing Ninth Circuit and Supreme Court authority, no clearly established law would have put the officers on notice of a potential constitutional violation based on the specific facts before them. (Mem. Opn., pp. 9-10.) In challenging this holding, plaintiff asserts that the panel should have denied qualified immunity because the Supreme Court does not require plaintiff to cite a case "exactly on point," and that a defendant need only receive "sufficient notice" of potential liability under the general facts confronting the officer. (Pet., pp. 14-15, citing *Ziglar v. Abbasi*, 137 S. Ct. 1843, 1866-67 (2017); *Ashcroft v. al-Kidd*, 563 U.S. 731, 741 (2011); *Hope v. Pelzer*, 536 U.S. 730 (2002); and *Tolan v. Cotton*, 572 U.S. 650, 655-56 (2014).) To that end, plaintiff contends defendants were on notice that "employing a litany of coercive tactics against a juvenile could produce involuntary statements" and violate the constitution. (Pet., p. 8.)

As the panel majority recognized however, the Supreme Court has expressly rejected such generalized formulations of a legal standard as sufficient to overcome qualified immunity. To be sure, the Supreme Court has noted there are certain obvious constitutional violations that need not be delineated in existing case law, but the Court has emphasized that such cases are "rare." *District of Columbia v. Wesby*, 583 U.S. __, 138 S. Ct. 577, 590 (2018); *City of Escondido v. Emmons*, __ U.S. __, 139 S. Ct. 500, 504 (2019). Rather, "a body of relevant case law is usually necessary to clearly establish" the law in order to overcome qualified immunity. *Id*. This is particularly true where the underlying constitutional claim is highly factually dependent. *Emmons,* 139 S. Ct. at 503; *Kisela*, 138 S. Ct. at 1153. In such cases qualified immunity may only be denied where "existing precedent 'squarely governs' the specific facts at issue." *Id*.

As the panel majority recognized, determining voluntariness of a confession and the boundaries of improperly coercive questioning is necessarily highly fact specific. (Mem. Opn., pp. 8-9.) The court recognized that it was incumbent on plaintiff to identify case law making it clear that the precise sort of statements made by defendants, in a virtually identical context were deemed to be improper. Merely asserting that the constitution prohibits "coercive tactics" that produce "involuntary statements" is too general a standard of the very sort that the Supreme Court has expressly rejected as sufficient to overcome qualified immunity. *See*, *e.g.*, *Emmons*, 139 S. Ct at 503 (holding that general Fourth Amendment standard prohibiting excessive force insufficient to "clearly establish" the law with respect to particular factual circumstances).

As the panel majority recognized, when the proper standard is applied, plaintiff identified no existing case law that would have clearly established that the particular statements and actions of the defendants in this particular context would run afoul of the constitution.

### B. The Panel Majority Correctly Found That No Existing Case Law Clearly Established That Defendants' Interrogation Of Plaintiff Was Improperly Coercive.

Plaintiff asserts that the panel majority conflicts with existing decisions of this court which have purportedly found the same conduct improper. The contention does not withstanding scrutiny.

As a threshold matter, plaintiff asserts that the majority effectively held that the absence of physical abuse was in and of itself sufficient to establish qualified immunity. (Pet., p. 14 ("The panel seemed to rest its decision, in part, on the fact Tobias was not beaten.").) Not so. The majority focused on the particular tactics employed by defendants and noted the absence of specific cases law that would

have put defendants on notice that such conduct might exposed them to potential liability in light of the facts they confronted here:

> Although Tobias was only 13 years old and his unequivocal request for counsel was improperly brushed aside, his early-evening interrogation lasted only 90 minutes, involved no physical threats or abuse, and otherwise relied on interrogation techniques that cannot be said, either singly or in the combination presented here, to have violated clearly established law (e.g., bluffing about the strength of the evidence the officers had, arguing that the courts would go easier on the suspect if he confessed to what he had done, and shaming the suspect for the effect a prosecution would have on his family).

(Mem. Opn., p. 8.)

Moreover, unlike plaintiff, who specifically omits any discussion of the precise facts of any case, the panel majority specifically distinguished the cases plaintiff cites here as clearly establishing a constitutional violation—*Crowe v. County of San Diego*, 608 F.3d 406 (9th Cir. 2010), *Stoot v. City of Everett*, 582 F.3d 910 (9th Cir. 2009) and *Cooper v. Dupnik*, 963 F.2d 1220 (9th Cir. 1992) (en banc). As to *Cooper*, the court observed that there the "officers subjected a suspect to 'hours of mistreatment and what can fairly be described as sophisticated psychological torture,'" which is something quite different than the 90 minute interrogation that occurred here. (Mem. Opn., p. 11.) The majority found *Crowe* "distinguishable because there, one of the boys interviewed was 'in shock over his sister's brutal murder,' and the boys were subjected to 'hours and hours of interrogation' featuring 'the most psychologically brutal interrogation and tortured confession' that one expert witness had ever observed." (*Id*. at p. 12, citing *Crowe*, at 608 F.3d 431-32.) The panel majority also observed that in *Stoot*, the court had made clear that:

> [The due process] "standard . . . is quite demanding," requiring something akin to "police torture or other abuse" or comparable conduct that "shocks the conscience." *Id*. (citations and internal quotation marks omitted). For reasons similar to those discussed above with respect to Tobias's coerced confession claim, we conclude that, even construing the facts in the light most favorable to Tobias, he failed to show that any reasonable officer would have understood that the objective circumstances of the interrogation here met the demanding "shocks the conscience" standard.

(Mem. Opn., p. 11.)

Indeed, as the panel majority observed, existing case law indicated that far more coercive interrogation techniques did not violate the constitution. (*Id*. at p. 10 ("*See e.g*., *Juan H. v. Allen*, 408 F.3d 1262, 1273 (9th Cir. 2005) (noting that coercion is not established where police merely indicate that a cooperative attitude would benefit a minor suspect); *Cunningham* [*v. City of Wenatchee,* 345 F.3d 802,] 810 [(9th Cir. 2003)] (finding no coercion where interrogation went for eight hours without a break, officers continued to question the suspect after claims of innocence, and officers played on the suspect's fear of prison)").

Nor has plaintiff cited any clearly established law foreclosing qualified immunity based on defendants having purportedly made improper threats or promises. All of the cases cited by plaintiff—including *United States v. Harrison*, 34 F.3d 886, 891-92 (9th Cir. 1994) which the court has requested defendants to specifically address—involve suspects and invoking the right to silence. *See*, *Harrison*, 341 F. 3d at 891 ("Harrison could only conclude that she might suffer for her silence"); *Collazo v. Estelle*, 940 F.2d 411, 416 (9th Cir. 1991) (en banc) ("Officer Destro's nine terse sentences, understood plainly, were coercive. His words were calculated to pressure Collazo into changing his mind about remaining silent, and into talking without counsel to his interrogators"); *United States v.*

-5-

*Tingle*, 658 F.2d 1332, 1336 n.5 (9th Cir. 1981) ("Refusal to cooperate is every defendant's right under the fifth amendment. Under our adversary system of criminal justice, a defendant may not be made to suffer for his silence."). In arguing that defendants made improper threats and promises, plaintiff repeatedly cites the district court's statement that plaintiff "was told that if he didn't confess the judge would give him a longer sentence." (Pet., pp. 7, 10, citing A.12.) Plaintiff conspicuously ignores what the record actually establishes: He did not invoke his right to silence. Instead, he affirmatively denied he was at the scene of the crime or in any way involved. (10 PER 1394-95, 1401, 1412, 1414.)

Thus, no defendant admonished plaintiff that he had to speak or face heightened punishment, rather, plaintiff was admonished that affirmatively *lying about the incident and sticking to his story* might subject him to less than beneficial consideration should the matter proceed. Review of the passages cited in the petition underscores the fact that plaintiff was only admonished to tell the truth, and that affirmatively lying could make him look worse. (*See* Pet., pp. 4-5, citing 10 PER 1405, 1408-09, 1413, 1419, 1421, 1426.) Not a single case plaintiff cites suggests that such admonitions or promises are improper.[1]

---

[1] Plaintiff also asserts that he twice unequivocally invoked his right to silence. (Pet., p. 5.) This is false. In one cited passage, plaintiff states he is sticking to his story and won't say anything else, and when an officer asks about the whole story, plaintiff repeats his story that he wasn't there. (10 PER 1414.) In the other passage, plaintiff suggests that he won't talk to the officers because they think everything he says is a lie, and when an officer asks why he would think they would regard his statements in that way, plaintiff explained his thinking and continued with the interview. (*Id.* at p. 1415.)

In light of the record and the governing law, the panel majority correctly determined that defendants were entitled to qualified immunity on the coercive interrogation claims.

## C. The Panel Majority Correctly Held That Plaintiff's Fabrication Of Evidence Claim Was Premised On His Coerced Interrogation, And Hence Barred By Qualified Immunity.

Citing *Hall v. City of Los Angeles*, 697 F.3d 1059 (9th Cir. 2012), the panel majority noted that where a fabrication of evidence claim is based on the contention that a coercive interrogation of plaintiff produced a false confession, there can be no fabrication of evidence claim under the Fourteenth Amendment. (Mem. Opn., p. 12.) As a result, the court noted that since the only evidence that was allegedly fabricated was plaintiff's improperly coerced confession, defendants were entitled to qualified immunity with respect to the fabrication of evidence claim as well. (*Id*.)

Plaintiff attempts to distinguish *Hall*, arguing that even if the only fabricated evidence consists of the improperly coerced confession, that the allegation that defendants knew the confession would be false is somehow sufficient to support a free-standing due process claim. Yet, review of *Hall* belies plaintiff's contention. In *Hall*, the court distinguished fabrication of evidence claims based on coerced testimony from third party witnesses, from those like the one before it based on coerced testimony from a suspect. At bottom, plaintiff's claim here is no different than the claim asserted in *Hall*.

The cases cited by plaintiff as suggesting that other circuits take a different view, hold nothing of the kind. *Ricciuti v. NYC Transit Auth*., 124 F.3d 123 (2d Cir. 1997) did not involve a coercive interrogation claim—plaintiffs asserted that defendants made up a conversation that did not occur and placed it in a report. *Id*.

at 126. The Second Circuit merely held that probable cause for the underlying arrest would not bar a due process claim for fabrication of evidence that was submitted to a prosecutor. *Id*. at 130.

*Halsey v. Pfeiffer*, 750 F.3d 273 (3d Cir. 2014) similarly did not involve a coerced confession, but an alleged confession that was never made. *Id*. at 289 ("Appellees allegedly inserted nonpublic facts about the crime (of which Halsey could not have been aware) into a detailed oral confession that Halsey maintains he never made"). The same is true of *Castellano v. Fragozo*, 352 F.3d 939 (5th Cir. 2003) (en banc) which merely held that a malicious prosecution claim could be asserted based on a violation of due process arising from altering a taped interview and submitting perjured testimony. *Id.* at 943, 948. Nor does *Fields v. Wharrie*, 740 F.3d 1107 (7th Cir. 2014) aid plaintiff. *Fields* simply held that a prosecutor could be held liable for malicious prosecution based upon securing false testimony from a third party witness before trial that was used in the subsequent prosecution—there was no claim of any coerced confession. *Id*. at 1113.

Based on governing Ninth Circuit authority the panel majority correctly held that defendants were entitled to qualified immunity on plaintiff's fabrication of evidence claim.

**D. The Panel Majority Correctly Held That Denial Of Qualified Immunity On The Invocation Of Counsel Claim Did Not Require Denial Of Qualified Immunity On Plaintiff's Coercive Interrogation Claim.**

Plaintiff asserts that having denied qualified immunity on the invocation of counsel claim, the court was necessarily required to deny qualified immunity on any aspect of his Fifth Amendment claim as any statement made without counsel was necessarily involuntary, citing *Collazo*, 940 F.2d 411 and *Henry v. Kernan*,

-8-

197 F.3d 1021 (9th Cir. 1999). (Pet., pp. 12-13.) As the panel majority recognized, the law is to the contrary:

> Although the interrogating officers committed a clear-cut *Miranda/Edwards* violation, that fact alone is not sufficient to establish that the resulting confession was involuntary. *Bradford v. Davis*, 923 F.3d 599, 616 (9th Cir. 2019) ("statements taken in violation of *Edwards* . . . are not presumed to be involuntary by virtue of the *Edwards* violation alone").

(Mem. Opn., pp. 7-8.)

Plaintiff ignores *Bradford*, and the cases he cites are not inconsistent with the panel majority decision. As plaintiff himself concedes, *Collazo* involved a claim of coercive threats, not just failure to halt questioning upon request for counsel. (*See* Pet., p. 10; *Collazo*, 940 F.2d at 417.) *Henry* similarly involved coercive questioning, not just an invocation of counsel violation. 197 F.3d at 1027 ("A review of the interview transcript illustrates that Henry's questioning by the detectives was psychologically coercive.").

In *California Attorneys for Criminal Justice v. Butts*, 195 F.3d 1039 (9th Cir. 1999), *abrogated on other grounds by Chavez v. Martinez*, 538 U.S. 760 (2003), the court denied qualified immunity to officers not because it found questioning after invocation of counsel was per se coercive, but that issues of fact existed as to whether there was coercive questioning at all. *Id*. at 1046. ("But coercion has been claimed and the question whether it occurred remains to be tried; the district court held that McNally and Bey had raised a material issue of fact on that point, and denied summary judgment."). *Rodriguez v. McDonald*, 872 F.3d 908, 926 (9th Cir. 2017) is a criminal case that did not involve a coerced confession claim, let alone qualified immunity concerning interrogation, and does not support plaintiff's argument here.

The panel majority correctly concluded that under the governing law, denial of qualified immunity on plaintiff's invocation of counsel claim did not mandate rejection of immunity on his coercive interrogation claim.

## CONCLUSION

For the foregoing reasons, appellants respectfully submit that appellee's petition for rehearing should be denied.

DATED: May 27, 2020

>Respectfully submitted,
>
>GREINES, MARTIN, STEIN & RICHLAND LLP
>   Timothy T. Coates
>
>ORBACH HUFF SUAREZ & HENDERSON
>   Kevin E. Gilbert
>
>BY:   s/ Timothy T. Coates
>   Timothy T. Coates
>Attorneys for Defendants and Appellants DETECTIVES MICHAEL ARTEAGA, JEFF CORTINA, JOHN MOTTO and JULIAN PERE

# CERTIFICATE OF COMPLIANCE
[Case No. 18-56360]

I certify that, pursuant to Fed. R. App. P. 32(a)(5) and Fed. R. App. P. 32(a)(6), this **APPELLANTS DETECTIVES MICHAEL ARTEAGA, JEFF CORTINA, AND JULIAN PERE'S RESPONSE TO APPELLEE'S PETITION FOR REHEARING EN BANC** is proportionately spaced using Microsoft Word in Times New Roman font, and has a typeface of 14 points or more, and, pursuant to Cir. R. 32-1 and Fed. R. App. P. 32(a)(7)(B), consists of 2,695 words.

                                            s/ Pauletta L. Herndon
                                             Pauletta L. Herndon

# CERTIFICATE OF SERVICE
[Case No. 18-56360]

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; my business address is 5900 Wilshire Boulevard, 12th Floor, Los Angeles, California 90036.

I certify that on May 27, 2020, I electronically filed the foregoing **APPELLANTS DETECTIVES MICHAEL ARTEAGA, JEFF CORTINA, AND JULIAN PERE'S RESPONSE TO APPELLEE'S PETITION FOR REHEARING EN BANC** with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit by using the appellate CM/ECF system.

I certify that each appellant in the case is represented by counsel who are registered CM/ECF users and will be served by the appellate CM/ECF system.

                                         s/ Pauletta L. Herndon
                                               Pauletta L. Herndon